UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60561-CIV-COHN/SELTZER

LOUIS VUITTON MALLETIER, S.A.,

      Plaintiff,

v.

LOUISVUITTONREADS.COM, et al.,

      Defendants.

_____/

## ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Preliminary Injunction [DE 7] ("Motion"). The Court has carefully reviewed the Motion, the supporting declarations and exhibits, and the record in this case. The Court also heard oral arguments from Plaintiff's counsel at a motion hearing held earlier today. Although Defendants received sufficient notice of these proceedings, no Defendant responded to the Motion or appeared at the preliminary-injunction hearing.

### I.    Background

On March 17, 2016, Plaintiff filed this action against nine individuals, partnerships and business associations.[1] See generally DE 1 (Compl.). Plaintiff alleges that Defendants are selling goods bearing counterfeit and confusingly similar imitations of various registered trademarks owned by Plaintiff (the "Louis Vuitton Marks"). See id. ¶¶ 18, 28-30. Plaintiff also alleges that certain Defendants have registered internet domains identical or confusingly similar to the Louis Vuitton Marks. Id. ¶ 38. Plaintiff

_____

[1] Defendants are the individuals, partnerships and unincorporated associations identified on Schedule "A" hereto.

thus has asserted the following claims against Defendants: (1) counterfeiting and infringement under section 32 of the Lanham Act, 15 U.S.C. § 1114; (2) false designation of origin under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) cybersquatting under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(d); (4) common-law unfair competition; and (5) common-law trademark infringement. DE 1 ¶¶ 49-83.

On March 21, 2016, Plaintiff filed an *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction [DE 7]. On March 24, 2016, the Court granted Plaintiff's request for a Temporary Restraining Order ("TRO"). See DE 8. Based on strong evidence that Defendants are selling counterfeit and infringing versions of Plaintiff's trademarked goods, the Court found that Plaintiff had established all four requirements for a TRO: (1) a substantial likelihood of success on the merits; (2) that Plaintiff would suffer irreparable injury if a restraining order were not granted; (3) that the threatened injury to Plaintiff outweighed the harm the relief would cause to Defendants; and (4) that entry of the restraining order would serve the public interest. See id. at 8-10; Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (per curiam).[2]

The Court thus temporarily restrained Defendants and associated persons from using infringing versions of the Louis Vuitton Marks in connection with their products and websites. See DE 8 at 10-11. The Court also directed the registrars for Defendants' domain names to transfer the domains to a holding account, after which all traffic to the

---

[2]  Additionally, the Court determined that a TRO should issue without notice to Defendants because they could "easily and quickly transfer the registrations for many of the Subject Domain Names, or modify registration data and content, change hosts, and redirect consumer traffic to other websites, thereby thwarting Plaintiff's ability to obtain meaningful relief." DE 8 at 9; see Fed. R. Civ. P. 65(b)(1).

websites would be redirected to a page displaying the filings in this case. See id. at 12-13. More, the Court required Plaintiff to post a bond of $10,000.00 and to promptly serve the Complaint, the Motion, and the TRO on Defendants through (1) their known e-mail addresses and (2) the webpage containing the case filings. See id. at 14-15.[3]

In the TRO, the Court also set a hearing on Plaintiff's request for a preliminary injunction and directed Defendants to file and serve any Response to the Motion no later than April 1, 2016. See DE 8 at 15. The Court cautioned Defendants that "if they do not timely respond to Plaintiff's Motion for Preliminary Injunction and do not appear at the scheduled hearing, the Court may enter a preliminary injunction against them by default." Id. at 16 (emphasis omitted).

As noted above, Defendants neither responded to the Motion nor appeared at the related hearing. Before the hearing, Plaintiff identified two witnesses who had submitted written declarations in support of the Motion. See DE 13. Because Defendants did not appear at the hearing, however, Plaintiff relied on the witnesses' declarations in lieu of live testimony.

## II.   Discussion

The preliminary injunction Plaintiff seeks would maintain the relief granted in the TRO until this case is decided on the merits. The requirements for issuing a preliminary injunction are the same as those for entering a TRO, namely "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo,

---

[3] Plaintiff has complied with the bond and service requirements. See DE 10 (Notice of Filing Bond); DE 11, 12 (Certificates of Service).

3

403 F.3d at 1225-26. Because a preliminary injunction is "an extraordinary and drastic remedy," it may not be granted unless the moving party "clearly carries the burden of persuasion as to the four prerequisites." Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994) (internal quotation marks omitted); see McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Unlike a TRO, a preliminary injunction requires notice to the adverse party and a hearing. See Fed. R. Civ. P. 65(a).

Here, Plaintiff is substantially likely to succeed on the merits of its claims. Plaintiff has offered clear evidence that Defendants are selling goods bearing unauthorized, infringing copies of the Louis Vuitton Marks, thereby confusing the public about the origin of those goods. See 15 U.S.C. §§ 1114, 1125(a) (federal trademark claims); see also DE 7 at 14-15 (Motion) (explaining that same factors showing Plaintiff's likelihood of success on federal trademark claims demonstrate likely success on their common-law claims for unfair competition and trademark infringement).[4] Further, allowing Defendants to continue this illegal conduct would cause irreparable harm to Plaintiff by damaging the reputation and goodwill associated with its genuine trademarked goods, and by allowing Defendants to profit from their sale of counterfeit products. And, because Defendants have no right to sell these illicit goods, or to use the Louis Vuitton Marks in their domain names, the balance of harms strongly favors Plaintiff. Last, enjoining Defendants' conduct—the unlawful sale of fraudulent goods to consumers—serves the public interest. Plaintiff has therefore clearly proven all four

---

[4] Plaintiff has also demonstrated a substantial likelihood of success on its cybersquatting claim. The evidence shows that some Defendants have incorporated Plaintiff's trademarked business name into their website domain names with a bad-faith intent to profit from that trademark. See 15 U.S.C. § 1125(d).

requirements for a preliminary injunction.  See Schiavo, 403 F.3d at 1225-26; Church, 30 F.3d at 1342.

Although Defendants have been given notice of the Motion and an opportunity to respond, they have made no effort to rebut Plaintiff's evidence warranting a preliminary injunction.  The Court thus concludes that Plaintiff's Motion should be granted.

III.    Conclusion

For the reasons discussed, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.      Plaintiff's Motion for Preliminary Injunction [DE 7] is **GRANTED**;

2.      All provisions of the Court's Order Granting Ex Parte Application for Entry of Temporary Restraining Order [DE 8], incorporated by reference in this Order, shall remain in effect while this case is pending or until otherwise ordered; and

3.      Plaintiff shall promptly serve a copy of this Order on Defendants through the means specified in paragraphs 7 and 14 of the Order Granting Ex Parte Application for Entry of Temporary Restraining Order [DE 8 at 12, 14-15].

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of April, 2016.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF

5

**SCHEDULE "A"**
**DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAME**

| Defendant Number | Target Subject Domain Names | Intermediary Subject Domain Names |
|---|---|---|
| 1 | louisvuittonreads.com<br>supersoutlets.co | causeun.com<br>icanfans.com |
| 2 | buy-bags.co.uk | shopreplicahandbags.co.uk |
| 3 | cheapbagsstore.top | salebelstaff.eu |
| 4 | fineoutlet.cn | bestoutletuk.co.uk |
| 5 | louviussons.online | paylinestandana.info |
| 6 | luxuryfashionbag2016.com<br>2016luxuryfashionbag.com | luxuryhotbag.com |
| 7 | lvjp.top | jpok.top |
| 8 | missypurse.com | outletview.com |
| 9 | weshopex.com | oncheng.com |